Curia, per Johnson, Ch.
The court concur in the decree of the Circuit Court, except in the directions to the commissioners to make partition, that the legacies to Mary and Esther, including the issue and increase of .the slaves after the death of the testator, should be estimated at their value at the death of Thomas Rainsford.
We agree with the Chancellor, that the rule prescribed by the Act of distributions, has no application to the case. That applies only to cases of intestacy. The testator had the right to prescribe another; and what that is, can only be resolved by his will. In the first clause, he gives to his grand-daughter, Esther, an absolute and unconditional property in eleven slaves, by name; and in the same clause, he gives to his grand-daughter, Mary, in like manner, twelve other slaves, by name. In the third and following clauses, he gives the bulk of his remaining property to trustees, for the use of his son, “ Thomas, for and during the term of his natural life, and after his death, in trust for the child or children of the said Thomas Rainsford,” (fee. At the time of the execution of the will, Esther and Mary were all the children he had, and in the eighth clause of his will, testator directs, that if his said son Thomas Rainsford “should die, leaving other child *397 ren, besides the said Esther and Mary, that the said Esther and Mary shall have no more of the property herein before devised to their father, than shall be sufficient to make their shares equal to the distributive share of such other child or childrenAnd he then goes on to appoint Thomas Rainsford, guardian of Esther and Mary, and directs that he shall have the use of the property devised to them, until they come of age, or marry, for their maintenance and education.
The complainant, John Rainsford, was the only other child that Thomas Rainsford left living at the time of his death; and the question is, whether the legacies of Esther and Mary are to be estimated at their value, at the death of the testator, or at the time of their marriages, which happened before the death of Thomas Rainsford, or at the time of his death.
In the events which have happened, there is no doubt, that the rule adopted in the circuit court decree, is the best calculated to effect equality amongst the legatees; but no rule can be just, which will not lead to tlie same results, under every variety of circumstances.
If we were at liberty to conjecture what the testator would have ’done, if the matter had been distinctly, presented to his mind, we should readily conclude that he intended to put all his grand-children, whether born before or after the execution of his will, on perfect equality. But we cannot travel out of the will for his intention, and judging from this, it is apparent that under different circumstances, the rule adopted by the circuit court would effect great inequality. If, for example, the estate devised to Thomas Rainsford, for life, and limited over to his children, had so much depreciated as to be greatly inferior in value to the specific legacies to Esther and Mary, the will gives complainant no right to call on them to contribute to make it equal to their portions; and so, I apprehend, if their legacies had depreciated, and the rest of the estate had greatly appreciated in value, Esther and Mary w’ould have no right to resort to it to repair the depreciation.
It is not questioned that Esther and Mary took a vested interest in the legacies to them, at the death of the testator, though the possession was postponed, and if they *398 had died before Thomas Rainsford, that interest, and that alone, would have been transmitted to their heirs ; and that itself is a conclusive answer to the inquiry as to what they took under the will, and the value can only be ascertained by reference to the time of the death of the testator.
It is, therefore, ordered and decreed, that in the partition ordered by the circuit court, the specific legacies to Esther and Mary, be estimated at their value at the time of the death of the testator. In all other respects, the decree of the circuit court is affirmed.
Dunkin, Ch., concurred. Harper, Ch., dissented.
Johnston, Ch., absent from indisposition.